899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph M. LAVERGNE, Sr., d/b/a Lavergne Tank Form License
Company, Plaintiff/Cross-Appellant,
v.
CONCRETE SOUTHWEST, INC., Defendant-Appellant.
 Nos. 89-1273, 89-1316.
 United States Court of Appeals, Federal Circuit.
 March 27, 1990.
Rehearing Denied April 24, 1990.
Suggestion for Rehearing In Banc Declined May 4, 1990.
 
 Before PAULINE NEWMAN, BISSELL,* and MICHEL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 Concrete Southwest, Inc. ("Southwest") appeals the judgment of the United States District Court for the Western District of Washington, No. C83-424T (December 30, 1988), holding claims 7-18 of United States Reissue Patent No. 31,753 not invalid and infringed by Southwest, and awarding damages and prejudgment interest. Joseph M. LaVergne, Sr. ("LaVergne") cross-appeals the holding that claims 19 and 20 are invalid. The judgment is affirmed.
 
 OPINION
 
 2
 * Southwest challenges the asserted transfer of ownership to LaVergne on dissolution of the J.M. LaVergne Manufacturing Company ("LMC") of which LaVergne and Mrs. LaVergne were the sole shareholders, and also challenges the validity of the nunc pro tunc assignment. The district court, adopting the findings and conclusions of the special master, held that LaVergne was the owner of the patent and the proper party to this action.
 
 
 3
 We have carefully considered Southwest's arguments of error in the special master's analysis and application of Washington state law, and conclude that reversible error has not been shown. Southwest has not demonstrated that the transfer of patent property could not be accomplished nunc pro tunc by a subsequently executed assignment. The special master emphasized that no other person could assert an ownership right in the patent by virtue of the assignment procedure, and therefore that Southwest was not prejudiced thereby.
 
 
 4
 Southwest also asserts that the special master erred in finding that Southwest had waived the defense of faulty ownership and ineffective transfer of title. Southwest had initially pled the defense in 1983, withdrawn it in 1984 prior to trial, and remained silent on the issue throughout the trial and until after the master's decision on the merits in 1986. Southwest gave no reason for its delay other than change of counsel. We discern no error in the holding that Southwest had waived the right to resurrect this issue. The master, nevertheless, considered the matter, for purposes of determining the right to recover for past infringement, and held that the right to damages for past infringement was not defeated by the procedures followed.
 
 
 5
 We affirm the district court's rulings that LaVergne was successor in interest to all of LMC's rights and title, and that the assignment was effective nunc pro tunc.
 
 B
 
 6
 Southwest argues that the reissue patent is void because LaVergne was not entitled to make the reissue oath as owner and file the application. See 35 U.S.C. Sec. 251 ("application for reissue may be made and sworn to by the assignee of the entire interest if the application does not seek to enlarge the scope of the claims of the original patent.") For the reasons discussed in Part A, we affirm the district court's holding that there was no defect in the status of LaVergne as patent owner and applicant for reissue. The reissue patent was correctly held not invalid on this basis.
 
 C
 
 7
 Southwest argues that the reissue patent is invalid as a broadening reissue. "[A] claim is broadened if it is broader in any respect than the original claim, even though it may be narrowed in other respects." In re Bennett, 766 F.2d 524, 526, 226 USPQ 413, 414 (Fed.Cir.1985) (quoting In re Rogoff, 261 F.2d 601, 603-04, 120 USPQ 185, 186 (CCPA 1958)).
 
 
 8
 To determine if the reissue claims have been broadened, they are compared to the claims of the original patent. Ball Corp. v. United States, 729 F.2d 1429, 1438, 221 USPQ 289, 296 (Fed.Cir.1984). Southwest contends that the limitations on mechanical keying of the bottom of the tank to the side walls in claims 10 and 19 of the reissue patent broadened the terms of original claim 1 because those limitations were not present in original claim 1. Reissue claims are broadened if it is possible to read those claims on structures that could not have been covered by the original claims, Ball, 729 F.2d at 1438, 221 USPQ at 296, a situation that does not here prevail. It is clear on the face of claims 10 and 19 that they are not broader than original claim 1.
 
 
 9
 The reissue claims, although not broader than claim 1, were broader than the remaining claims after claim 1 was held invalid in other litigation. However, the reissue claims were correctly evaluated against original claim 1 of the patent. It is not relevant to this question that claim 1 was subsequently held invalid. The district court correctly held that the reissue claims had not been proved invalid on this basis.
 
 D
 
 10
 Southwest argues that the patent is invalid for failure to disclose the use of split molds as the best mode of practicing the invention. "[I]n order to find the best mode requirement is not satisfied, it must be shown that the applicant knew of and concealed a better mode than he disclosed." Hybritech, Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1384-85, 231 USPQ 81, 94 (Fed.Cir.1986).
 
 
 11
 The district court, on testimony and evidence before the special master, adopted the master's factual findings that the inventor disclosed what he believed to be the best mode, and that the use of split forms to facilitate release "was well known in the art and an immaterial detail in the practice of the present invention." These findings have not been shown to be clearly erroneous. Diversitech Corp. v. Century Steps Inc., 850 F.2d 675, 680, 7 USPQ2d 1315, 1319 (Fed.Cir.1988) (district court finding on compliance with the best mode requirement is a question of fact reviewable for clear error). We affirm that the disclosure did not fail to satisfy the best mode requirement of 35 U.S.C. Sec. 112.
 
 E
 
 12
 LaVergne cross appeals the portion of the district court's judgment holding that claims 19 and 20 are invalid under 35 U.S.C. Sec. 112. The focus of the issue is the following clause of claims 19 and 20:
 
 
 13
 firmly connecting said bottom to the lower peripheral portion of said tank side wall means while forming said bottom, including mechanically keying the bottom to the tank side walls means.
 
 
 14
 The district court stated that claims 19 and 20 were "incomplete within the meaning and requirements of Section 112", a holding that the parties treat as failure of enablement for insufficient disclosure of possible procedures for mechanically keying the tank bottom to the side walls. In findings 75 through 80 the master finds that a "gap" in claims 19 and 20 was caused because "In the only method described in the patent-in-suit, not all of the procedure for keying the tank bottom to the side walls occurs while the bottom is being poured." LaVergne states that the master meant that LaVergne was improperly claiming a "result".
 
 
 15
 There is no prohibition against the use of terms such as "firmly connecting" or "mechanically keying" in the claims, terms appearing in the specification and illustrated therein. The specification shows a mechanical keying connection that firmly connects the bottom to the side. It is not impermissible to illustrate a step of a combination claim by showing only one embodiment of that step. See Spectra-Physics, Inc. v. Coherent, Inc., 827 F.2d 1524, 1533, 3 USPQ2d 1737, 1743 (Fed.Cir.), cert. denied, 494 U.S. 954 (1987).
 
 
 16
 However, the problem recognized by the special master is that the specification does not disclose an embodiment of a mechanically keying step that occurs entirely "while forming said bottom" as recited in claims 19 and 20. The sole procedure disclosed in the specification for connecting the bottom to the side walls includes an additional step described by the master as "void-forming" (finding 76). The void-forming step occurs during the formation of the side walls, prior to the formation of the tank bottom. (col. 6, lines 45-58).
 
 
 17
 The scope of enablement by the disclosure must be commensurate with the scope of protection sought by the claims. In re Moore, 439 F.2d 1232, 1236, 169 USPQ 236, 239 (CCPA 1971). No error has been shown in the master's conclusion that the step of claims 19 and 20 for mechanically keying the bottom to the side walls while forming the bottom is not enabled by the void-forming step. While LaVergne argues that the patent reissue examiner found that the disclosed embodiment, including the "void-forming" step, was sufficient to meet the requirements of Section 112 for the mechanically keying step, we believe the district court correctly found lack of enablement of claims 19 and 20.
 
 
 
 *
 Circuit Judge Jean Galloway Bissell, who died on February 4, 1990, did not take part in this decision