**DIVERSITECH CORPORATION,**
Plaintiff–Appellant,

v.

**CENTURY STEPS, INC.,**
Defendant–Cross
Appellant.

Appeal Nos. 87–1152, 87–1165.

United States Court of Appeals,
Federal Circuit.

June 27, 1988.

John A. Fogarty, Jr. of Kenyon & Kenyon, New York City, argued for plaintiff-appellant. With him on the brief were Hugh A. Chapin and Richard S. Gresalfi.

Dale Lischer of Jones, Askew & Lunsford, Atlanta, Ga., argued for defendant-cross appellant. With him on the brief were Julius R. Lunsford, Jr. and J. Rodgers Lunsford, III.

Before DAVIS [*], NEWMAN, and ARCHER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Diversitech Corporation (Diversitech) and Century Steps, Inc. (Century) cross-appeal the final judgment of the United States District Court for the Middle District of Alabama, Northern Division[1] relating to U.S. Patent No. 4,505,449 of Turner et al. (the '449 patent) for "Lightweight Concrete Cladded Heavy Equipment Base", issued on March 19, 1985 and assigned to Diversitech. The district court held all the patent claims invalid for obviousness; but if valid, infringed by Century's "first version" and not infringed by Century's "second version" of the accused device.

We reverse the judgment of invalidity of claims 1 through 3, and vacate the judgment of invalidity with respect to claims 4 through 7, which were not at issue. We affirm the judgments on the infringement issues, and remand for determination of damages and the charge of willfulness for infringement by Century's "first version".

### Background

The claimed invention is a pad used as a base for heavy equipment such as air conditioners and transformers. It is constructed of a foam core and a fiberglass-reinforced cement coating on its top and sides, with the foam core exposed on the bottom. The advantages described for the claimed pad are its lighter weight due to the foam core and the absence of a cement layer on the bottom, ease in transportation as the pads may be stacked without the usual protective spacers, and ease of installation and use because the exposed foam bottom conforms to uneven surfaces, reducing the need for leveling of the surface. Diversi-

---

[*] Circuit Judge Davis, now deceased, took no part in this decision.

1. *Diversitech Corp. v. Century Steps, Inc.,* No. 85–T–477–N (M.D.Ala. Dec. 9, 1986).

tech sells the claimed pad as the "Cladlite Pad".

In 1983 Century began manufacture and sale of a heavy equipment pad with an exposed foam bottom (Century's "first version"), copying the Cladlite Pad. Following the issuance in 1985 of the '449 patent and notification of infringement by Diversitech, Century modified its pad by adding a thin layer of fiber reinforced concrete to the pad's bottom (Century's "second version"). Century stopped manufacturing the first version, although it continued to sell its inventory.

In the district court, Century admitted infringement by its first version, denied infringement by its second version, and counterclaimed for declaration of patent invalidity. The issues of damages and willful infringement were separated and have not been tried.

The district court held all claims of the '499 patent invalid for obviousness in terms of 35 U.S.C. § 103, but not invalid for anticipation (§ 102) or failure to disclose the best mode (§ 112). The court stated that if the claims were deemed modified to include a "thin layer" of concrete on the bottom of the pad, such claims would be invalid under § 112 for indefiniteness.

The court found that Century's second version does not literally infringe the claims, but that the second version would infringe if the claims were "read to include a thin layer on the bottom". This latter holding was apparently in response to Diversitech's assertion of infringement in terms of the doctrine of equivalents.

All aspects of the judgment, and all the issues, are raised on appeal and cross-appeal.

### Claims 4–7

█ The '449 patent contains seven claims, of which only claims 1 through 3 were charged by Diversitech to have been infringed, and only these claims were discussed by the district court. Under these circumstances, the district court's judgment applies only to claims 1 through 3. *Vandenberg v. Dairy Equipment Co.*, 740 F.2d 1560, 1568, 224 USPQ 195, 200 (Fed. Cir.1984) (declaring all patent claims invalid may have been an oversight, but it was nonetheless error). The judgment of invalidity with respect to claims 4 through 7 is vacated.

### Anticipation—35 U.S.C. § 102

Century appeals the district court's holding that claims 1 through 3[2] were not anticipated, asserting that the court erroneously focused on the disclosed invention instead of the claimed invention, and that the court failed to compare each element of the claims with the prior art in order to evaluate anticipation.

█ Anticipation is a question of fact, *Shatterproof Glass Corp. v. Libbey Owens Ford Co.*, 758 F.2d 613, 619, 225 USPQ 634, 637 (Fed.Cir.), *cert. dismissed,* 474 U.S. 976, 106 S.Ct. 340, 88 L.Ed.2d 326 (1985), and is reviewed under the clearly erroneous standard, *Ralston Purina Co. v. Far-Mar-Co., Inc.*, 772 F.2d 1570, 1574, 227 USPQ 177, 179 (Fed.Cir.1985). A patent challenger must show by clear and convincing evidence that a claim is anticipated. *Tyler Refrigeration Corp. v. Kysor Industrial Corp.*, 777 F.2d 687, 690, 227 USPQ 845, 847 (Fed.Cir.1985). For a prior art reference to anticipate in terms of 35 U.S.C. § 102, every element of the claimed invention must be identically shown in a single reference. *See Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1379, 231 USPQ 81, 90 (Fed.Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1606, 94 L.Ed.2d 792 (1987).

█ The district court correctly considered all elements of the claims including the preamble. *In re Stencel*, 828 F.2d 751,

---

2. Claim 1 is representative:
   1. A base for the support of equipment, said base comprising: a foam core having a top, a bottom and a plurality of side surfaces; and a coating attached to at least said top and all of said side surfaces of said foam core, said coating comprising a cementitious material, said cementitious material covering the top and sides only of said foam core.

754–55, 4 USPQ2d 1071, 1073 (Fed.Cir. 1987) states:

> Whether a preamble of intended purpose constitutes a limitation to the claims is, as has long been established, a matter to be determined on the facts of each case in view of the claimed invention as a whole.
>
> . . . .
>
> This purpose, set forth in the [preambles of the] claims themselves, "is more than a mere statement of purpose; and that language is essential to particularly point out the invention defined by the claims." In re Bulloch, 604 F.2d 1362, 1365, 203 USPQ 171, 174 (CCPA 1979).

See also Perkin–Elmer Corp. v. Computervision Corp., 732 F.2d 888, 896, 221 USPQ 669, 675 (Fed.Cir.), cert. denied, 469 U.S. 857, 105 S.Ct. 187, 83 L.Ed.2d 120 (1984) (the limitations appearing in the preamble are necessary to give meaning to the claim and properly define the invention).

In the '449 patent the preamble defines the invention as "a base for the support of equipment". The district court considered this essential limitation in determining whether any claim was anticipated, and concluded that no single reference contained all of the elements of any of claims 1 through 3 of the '449 patent. This finding has not been shown to be clearly erroneous, and is affirmed.

### Obviousness—35 U.S.C. § 103

The district court applied the criteria of Graham v. John Deere Co., 383 U.S. 1, 17–18, 86 S.Ct. 684, 693–94, 15 L.Ed.2d 545, 148 USPQ 459, 467 (1966) in holding the claims invalid for obviousness. The court referred to the presumption of validity, stating that "an alleged infringer must prove invalidity by clear and convincing evidence or its equivalent"; but in its holding of invalidity the court did not discuss how the presumption had been overcome. We conclude that, on the findings made by the district court, the presumption had not been overcome.

### a. The Prior Art.

The district court analyzed the references in light of the claimed invention as follows:

> [T]he two Piazza patents, the Merrill '508, and the Dixon '251 teach the use of foam cores that are fully encased on all surfaces, to promote lightness. While the Tkach '620 and the French patent each have partially exposed foam cores to promote lightness, a person of ordinary skill in the art would not interpret that exposure to promote ground conformance or enable shinning without protective spacers. The Unger '845 does not contain a foam core.

This analysis has not been shown to be clearly erroneous. The district court correctly found that the references do not show a load-bearing pad having a foam core with a cementitious coating on the top and sides only, to enable conformability to uneven ground surface or to allow stacking ("shinning") without spacers. However, the district court held that it would have been obvious to make such a product by combining the teachings of the references:

> [A] combination of the teachings of the prior references would have suggested, at least by implication, the possibility of achieving further improvement by combining the teachings along the line of the Turner patent. The court is convinced that a person of ordinary skill in the art who is familiar with the references would have understood the prior art to teach that a heavy duty concrete pad may have a substantially exposed bottom and a foam core, and that these two features should be combined to give lightness, to allow a pad to conform to the ground, and to allow cushioning between pads when stacked and shipped. The Cladlite pad developed by Diversitech achieved nothing more than a combination which the prior art references would suggest to a person of ordinary skill in the art who is familiar with the references.

Diversitech argues that it not only produced a lightweight pad, but one with properties that were not suggested in the perti-

nent art. The problem confronted by the inventor must be considered in determining whether it would have been obvious to combine references in order to solve that problem. *In re Wright*, 848 F.2d 1216, 1219 (Fed.Cir.1988) ("whether a novel structure is or is not 'obvious' requires cognizance of the properties of that structure and the problem which it solves, viewed in light of the teachings of the prior art"); *Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1462, 221 USPQ 481, 488 (Fed.Cir.1984) ("Nothing in the references alone or together suggests the claimed invention as a solution to the problem"); *In re Rinehart*, 531 F.2d 1048, 1054, 189 USPQ 143, 149 (CCPA 1976) (the particular problem facing the inventor must be considered in determining non-obviousness). When determining obviousness, "[t]he invention must be viewed not with the blueprint drawn by the inventor, but in the state of the art that existed at the time." *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1143, 227 USPQ 543, 551 (Fed.Cir.1985).

There was no suggestion in the prior art of the results achieved by the Turner invention, i.e., that a lightweight foam core pad with cementitious material only on top and sides would facilitate placement on uneven ground and shinning without spacers. The district court specifically found that these advantages were not shown in the devices of the prior art of record.

### b. Objective Indicia.

The court found that the Cladlite pad enjoyed "substantial commercial success", and that the commercial success was due, at least in part, to one of the four advantages set forth in the patent specification, i.e. the pad's lightweight construction, but held that the requisite "nexus" had not been established.

There was no finding by the district court, and no evidence offered by Century, of extraneous factors such as advertising or superior workmanship to rebut the patentee's evidence of substantial commercial sales, and sales growth, of the patented pad. Our review shows that Diversitech established a *prima facie* case of the requisite nexus, which was not rebutted by Century, and that the court's contrary finding was clearly erroneous. *See Demaco Corp. v. F. von Langsdorff Licensing Ltd.*, 851 F.2d 1387, ____–____, No. 86–1439, slip op. at 8–13 (Fed.Cir. June 21, 1988). Further, the court apparently gave no weight to the admitted copying of the patented pad.

■ Copying is an indicium of nonobviousness, and is to be given proper weight. *Windsurfing International, Inc. v. AMF, Inc.*, 782 F.2d 995, 1000, 228 USPQ 562, 565–66 (Fed.Cir.) *cert. denied*, 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986) ("the district court correctly noted that copying the claimed invention, rather than one within the public domain, is indicative of non-obviousness"). Further, it is not necessary for the patentee to prove that the customer knew of and desired every attribute set out in the patent document. *See, e.g., Ashland Oil, Inc. v. Delta Resins & Refractories*, 776 F.2d 281, 306, 227 USPQ 657, 674 (Fed. Cir.1985) ("The objective evidence of secondary considerations may in any given case be entitled to more or less weight, depending upon its nature and its relationship to the merits of the invention"), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1201, 89 L.Ed.2d 315 (1986).

■ The district court erred in declining to include the objective evidence in its determination of the issue of obviousness. *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1555, 220 USPQ 303, 314 (Fed.Cir.1983) ("The objective evidence of nonobviousness ... may in a given case be entitled to more weight or less, depending on its nature and its relationship to the merits of the invention.... It should when present always be considered as an integral part of the analysis"), *cert. denied*, 469 U.S. 851, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984).

When the objective evidence is considered in conjunction with the district court's findings on the prior art, we conclude that Century has not met its burden of proving by clear and convincing evidence that the invention of claims 1 through 3 would have been obvious to one of ordinary

skill in this art. The district court's holding of invalidity based on 35 U.S.C. § 103 is reversed.

### Indefiniteness—35 U.S.C. § 112

■ The district court stated that *if* the claims are "understood to read on a pad that has a thin coating of cement over the foam core's bottom surface", they would be invalid under § 112 for indefiniteness:

> The court agrees that incorporation of the term "thin" into the patent's claims renders the patent inherently vague and indefinite. There is no rational standard for determining when a layer of concrete is so thin that it violates the province claimed by the invention.

Diversitech argues that it was improper for the court to redraft the claims and then hold invalid the redrafted claims. We agree. However, the error need not be belabored in the context of § 112, for it apparently arose out of the assertion of infringement under the doctrine of equivalents, which will be discussed, *infra.*

### Best Mode—35 U.S.C. § 112

Century argues that the best mode requirement of § 112 was not met because a co-inventor admitted at trial that he knew before the filing date of the patent application that the preferred embodiment of the invention included extension of the foam filler beyond the concrete sides of the pads, but failed to disclose this embodiment in the specification. The district court concluded that this charge was "meritless and do[es] not warrant discussion".

■ Compliance with the best mode requirement is a question of fact, *Spectra–Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1535–36, 3 USPQ2d 1737, 1745 (Fed. Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987), and the district court's decision is reviewable for clear error, *DeGeorge v. Bernier*, 768 F.2d 1318, 1324, 226 USPQ 758, 763 (Fed.Cir.1985). This issue turns on the evaluation of the testimony of the witnesses, as well as the technological significance of the structure —both within the province of the district court as fact finder. We have reviewed the subject matter before us, and conclude that the court's finding as to best mode is not clearly erroneous.

### Infringement—Literal

Century conceded that there was literal infringement by its first version pad but denied infringement by its second version pad. Century admitted that its primary purpose in adding the thin coating of cement to the bottom of the second version pad was to avoid infringement.

■ The district court found that the second version pad does not literally infringe the claims, due to the thin coating of cement on the bottom surface. We affirm, for the claim requires in its final clause that the cementitious material cover "the top and sides only".

Concerning infringement by the first version pad, we remand for determination of the issues of damages and willful infringement.

### Infringement—By Equivalents

Diversitech urged infringement by Century's second version pad in terms of the doctrine of equivalents, stating that the thin layer of cement was the equivalent of no coating at all. This thin layer is troweled on to the exposed foam on the bottom of the pad, and was found by the district court to be an uneven coating of one sixteenth to one fourth of an inch in thickness. The district court found that the thin coating "impairs the pad's ability to conform to uneven ground surfaces and reduces the pad's ability to be stacked and shipped without protective spacers", but does not eliminate these functions. Diversitech presented evidence, apparently undisputed, that the thin coating conformed to uneven ground by simply cracking.

Century asserted that the prosecution history of the Turner patent before the United States Patent and Trademark Office (PTO) precluded finding a scope of equivalency that would include the thin layer of concrete used in the second version pad. During prosecution before the PTO Turner had sought claims that did not contain the

final clause "said cementitious material covering the top and sides only of said foam core", and his claims on appeal to the PTO Board of Appeals included the following:

1 (as appealed). A base for the support of equipment, said base comprising: a foam core having a top, a bottom and a plurality of side surfaces; and a coating attached to at least said top and all of said side surfaces of said foam core, said coating comprising a cementitious material.

In argument before the Board Turner emphasized that his invention involved the *absence* of concrete on the bottom of the pad. The Board refused to allow the above claim, but did allow claims that included an additional clause that expressly limited the cementitious material to "the top and sides only" of the foam core, the Board stating that the references do not suggest that "the cementitious material should cover only the top and sides of the foam core with the bottom being left open."

Diversitech argues that it is not estopped to assert equivalency of a pad having a thin, flexible layer of cement on the bottom of the pad, pointing out that none of the prior art references discloses such a layer on any face of a foam core, and that the '449 patent specification includes the statement: "While not necessary, a thin coating of cementitious material may also be applied to the core bottom, if desired".

■ However, Diversitech can not now contradict the representations it made in order to obtain the allowed claims. *See Tandon Corp. v. U.S. Int'l Trade Comm'n*, 831 F.2d 1017, 1027, 4 USPQ2d 1283, 1291 (Fed.Cir.1987) ("Having successfully argued this position before the PTO, it is simply too late for [the patentee] to reclaim the ground which it yielded during prosecution"). The Board rejected and Turner cancelled the only claims that were broad enough to encompass his disclosed embodiment of a pad with a thin layer of cement on the bottom. Century's accused second version pad is identical to this embodiment.

■ When an accused device is the same as a disclosed embodiment, and claims covering the disclosed embodiment were rejected on appeal and cancelled, the yielded claim scope can not be recovered in order to encompass the accused device through the doctrine of equivalents. *See Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 1285, 230 USPQ 45, 49 (Fed.Cir.1986) ("the enlarged claim interpretation that Mannesmann seeks to apply ... falls squarely within the claim scope that Mannesmann relinquished to overcome the cited references"). Diversitech is thus estopped from asserting a scope of equivalency of the Turner patent claims that would encompass the second version pad.

Diversitech argues further that claim 1 of the issued patent was not amended during prosecution, and thus is not subject to prosecution history estoppel. While the issued claim was not substantively amended, it was initially dependent on a broader claim which was, as we have noted, rejected by the Board and cancelled. This originally dependent claim can not now be interpreted under the doctrine of equivalents to cover the subject matter of the independent claim that was rejected by the Board. *See Builder's Concrete, Inc. v. Bremerton Concrete Products Co.*, 757 F.2d 255, 259–60, 225 USPQ 240, 242–43 (Fed.Cir.1985).

The district court's holding of non-infringement by equivalency is affirmed.

No costs shall be taxed against either party.

AFFIRMED IN PART, VACATED IN PART, REVERSED IN PART, AND REMANDED.