6 F.3d 787
 28 U.S.P.Q.2d 1789
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Shir A. MISKINYAR.
 No. 93-1124.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1993.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Shir A. Miskinyar appeals the September 29, 1992 decision of the Board of Patent Appeals and Interferences, No. 92-2948, sustaining the examiner's rejection of his patent application, serial No. 07/447,517, as anticipated and obvious. We reverse-in-part and vacate-in-part.
 
 
 2
 Miskinyar first challenges the board's rejection of independent claim 1 and dependant claims 8, 13 and 14 under 35 U.S.C. Sec. 102(b) as anticipated by the Stauffer patent, No. 3,066,670. The board's finding of anticipation rests on its interpretation of the words "integral" and "one-piece."
 
 
 3
 Miskinyar argues that as used in the claims, "integral" and "one-piece" mean the same thing--units made of one homogeneous piece of material, not including separate but joined elements. Relying on this definition, he argues that the claimed invention contains elements not disclosed by Stauffer and thus is not anticipated. The board instead found that "integral" and "one-piece" were not defined in the specification and applied the broadest reasonable interpretation of those words. It determined that a broad interpretation was necessary because a more narrow one would present a written description problem under 35 U.S.C. Sec. 112.
 
 
 4
 We agree with Miskinyar that the drawings included in the application may aid in the interpretation of claim language. This court has recognized that "drawings alone may provide a 'written description' of an invention as required by Sec. 112." Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1565, 19 USPQ 1111, 1117 (Fed.Cir.1991); see also, In re Kaslow, 707 F.2d 1366, 1375, 217 USPQ 1089, 1096 (Fed.Cir.1983). Similarly, the drawings may be used like the written specification to provide evidence relevant to claim interpretation. See Autogiro Co. of America v. United States, 384 F.2d 391, 398, 155 USPQ 697, 703 (Ct.Cl.1967) ("[I]n those instances where a visual representation can flesh out words, drawings may be used in the same manner and with the same limitations as the specification." (Citations omitted)). Thus, in a proceeding in the PTO the claims must be given their broadest reasonable interpretation consistent with the drawings as well as the specification, see J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1566, 223 USPQ 1089, 1098 (Fed.Cir.1984), and the "claim language should be read in light of the specification as it would be interpreted by one of ordinary skill in the art," In re Bond, 910 F.2d 831, 833, 15 USPQ2d 1566, 1567 (Fed.Cir.1990) (quoting In re Sneed, 710 F.2d 1544, 1548, 218 USPQ 385, 388 (Fed.Cir.1983)).
 
 
 5
 In this case, the drawings show that the term "one-piece" means a single unit of material and excludes separate but joined elements. Claim 1 describes in relevant part:
 
 
 6
 a one-piece piston driver having a centrally positioned, integral boss bearing directly against said piston and an integral circular flange with a downwardly dependent, integral cylindrical skirt having a diameter permitting its slidable reception within said first annulus and forming a second annulus with the wall of said housing, said skirt also having at its lower end an annular lip extending radially outwardly to the inner wall of said housing; .... [Emphasis added].
 
 
 7
 Figure 12 depicts the elements of this piston driver as a homogeneous unit, illustrated by cross-hatching within the boundaries of the drawing of the piston driver and without any break lines, indicating that there are no joined pieces in the material of which it is composed. Reference to this drawing shows that the proper definition of "one-piece" in this instance is its most literal and narrow--a unit made from a single, homogeneous material. Applying this definition, components 7 and 8 of Stauffer do not comprise a "one-piece" piston driver. We therefore reverse to the extent the board concluded that independent claim 1 and dependant claims 8, 13 and 14 are anticipated by Stauffer.
 
 
 8
 Miskinyar's argument that "integral" also excludes separate but joined elements must fail, however. Unlike the "one-piece" piston driver, the elements described in the claims as "integral" are not uniformly shown with the uninterrupted cross-hatching which Miskinyar relies on to support his interpretation of the term "one-piece." While some elements described as "integral" are depicted with unbroken cross-hatching indicating they are made of a homogeneous piece of material, others are not. For instance, claim 1 describes:
 
 
 9
 a [sic] inner cylindrical wall, integral with, and in the interior of, said housing extending from said medication injection end wall and slidably receiving said ampoule and being of a lesser diameter than said housing to form a first annulus with the outer wall of said housing; .... [Emphasis added].
 
 
 10
 However, Figure 12 does not depict the inner cylindrical wall as joined to the housing at all, much less as a unit with continuous cross-hatching. In addition, the circular flange which is described in claim 1 as integral with the piston driver is also not depicted as joined to the piston driver with unbroken cross-hatching. It is apparent that "integral" must mean something different than "one-piece" and includes both homogeneous and separate but joined elements.
 
 
 11
 Miskinyar alternatively argues that "integral" must be interpreted to mean at least permanently joined elements, and that Stauffer does not show an inner cylinder and cap which are "integral" according to his definition because those elements are constructed to be removed from one another. We agree with the board that the specification, including the drawings, offers no conclusive guidance on the scope of the word "integral." We see no error in the board's determination that the broadest reasonable interpretation of "integral" includes components which "may be separate initially but are later joined to form a complete device."
 
 
 12
 Finally, Miskinyar appeals the board's rejection of the dependant claims 6, 7, 9 through 12, 15 and 16. The board affirmed the examiner's rejection of these claims as obvious in light of its determination that claim 1 was anticipated by Stauffer and Miskinyar's concession that he did not rely on the secondary features of the dependant claims for patentability. He did concede in his brief to the board that at least for the obviousness determination, the dependant claims stand or fall with claim 1. However, because we reverse the board's decision to the extent it rests on a determination that claim 1 is anticipated by Stauffer, we must vacate to the extent of its rejection of the dependant claims as obvious.