41 F.3d 1521
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Hsiao-Dong CHIANG
 No. 94-1144.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Hsiao-Dong Chiang filed Patent Application No. 07/519,613 for a system addressing electrical power disturbances. The Board of Patent Appeals and Interferences (Board) rejected claims 2 and 4 of Chiang's application under 35 U.S.C. Sec. 102 (1988). In re Chiang, No. 93-1552 (PTO Bd.Pat.Apps. & Interferences Oct. 7, 1993). Because the Board clearly erred in finding that the cited prior art disclosed Chiang's system, this court reverses.
 
 DISCUSSION
 
 2
 This appeal considers only the rejection of claims 2 and 4 as anticipated by cited prior art. Claim 2 states:
 
 
 3
 In an electrical power system having a plurality of buses and means for restoring continuity in circuits after an event disturbance has interrupted continuity thereof, an on-line detection system for assuring transient stability of the electrical power system, comprising:
 
 
 4
 (a) means for detecting on-line, an electrical power system interruption of a bus; and
 
 
 5
 (b) means for restoring continuity in said interrupted electrical power system at a predetermined time after said event disturbance has occurred, said detection system calculating said predetermined time as a function of on-line fault conditions. With this language, Chiang claims a system to detect an event disturbance, like a lightning strike, that interrupts power distribution. The claimed system also restores distribution at a "predetermined time" after the event disturbance. The system "calculat[es] said predetermined time as a function of on-line fault conditions."
 
 
 6
 The examiner rejected claims 2 and 4 as anticipated by U.S. Patent No. 4,680,706 to Bray. Bray describes an improvement to a computer "recloser control." A recloser is a device that automatically interrupts excessive current flow. It also restores power distribution after the excessive current flow ends. Bray's recloser control system includes an independent memory that allows it to operate during power outages.
 
 
 7
 Bray does not disclose when to restore power distribution. Bray simply states that he restores distribution "after an interval." Bray discusses the duration of the interval between successive attempts to deactivate the recloser and restore normal distribution. However, Bray presets this interval by programming the independent memory. Even here, Bray does not tailor the duration of this interval to the nature of the event disturbance.
 
 
 8
 The Board agreed with the examiner that Bray anticipates claims 2 and 4 under 35 U.S.C. Sec. 102(b). The Board found, inter alia, that Bray discloses "a 'calculation,' as broadly claimed, of a predetermined time as a function of on-line fault conditions." Chiang appeals. Chiang contends that Bray does not disclose a way to calculate a restart time based on the nature of the interruption.
 
 
 9
 "For a prior art reference to anticipate in terms of 35 U.S.C. Sec. 102, every element of the claimed invention must be identically shown in a single reference." In re Bond, 910 F.2d 831, 832, 15 USPQ2d 1566, 1567 (Fed.Cir.1990) (quoting Diversitech Corp. v. Century Steps, Inc., 850 F.2d 675, 677, 7 USPQ2d 1315, 1317 (Fed.Cir.1988)). Anticipation is a question of fact, reviewable only for clear error. In re Baxter Travenol Lab., 952 F.2d 388, 390, 21 USPQ2d 1281, 1283 (Fed.Cir.1991). When the Board clearly errs in finding that the prior art shows each and every claim limitation, this court must reverse. See id. ; Bond, 910 F.2d at 832.
 
 
 10
 Chiang claims calculation of the restart time after an event disturbance "as a function of on-line fault conditions." The claimed system determines the restart time based on actual fault conditions. Bray, on the other hand, discloses a preset restart time not tailored to the specific event disturbance.
 
 
 11
 The prosecution history affirms that Chiang's claimed calculation, properly interpreted, is an "on-line" computation based on actual fault conditions. Chiang distinguished the prior art as unable to perform such a calculation:
 
 
 12
 The ability to determine when a [power] system will become unstable as a result of a disruption in the line is a very complex problem, which, up until the present invention, could not be determined on a suitable, "on-line" basis. The mathematical analyses determining the stable condition was [sic] so complex, and required so much "number crunching," that the computers could not achieve the answer until after failure had occurred. In other words, there was no "on-line" system for resolving the problem.
 
 
 13
 ....
 
 
 14
 The invention protects a circuit by sensing fault conditions, analyzing these conditions "on-line", and then protecting the electrical power grid by taking appropriate action, such as restoring continuity in a line.... (Emphasis added.) Chiang's specification discusses assessing stability on-line by using the claimed calculation. Chiang explains that his calculation is an approximation of the more elaborate prior art calculation. A computer can perform Chiang's calculation quickly enough to protect the power system. According to Chiang, this allows his system to meet stringent reliability planning requirements, beyond the capability of the prior art.
 
 
 15
 Chiang refers to the calculated interval of claims 2 and 4 as a "predetermined time." This language does not expand the "calculating" claim limitation to read on systems using preset intervals. In the specification, Chiang provides an example comparing the results of his on-line calculation with those of the more accurate, but unworkable, prior art. Chiang observes that his calculation "offers fairly accurate direct analysis of transient stability." Chiang concludes:
 
 
 16
 Through the application of the inventive method system [sic], transient stability is assured. The inventive method provides the capability to predetermine a time to close a circuit breakers [sic] opened when the event disturbance occurred, thus clearing the fault-on condition and returning the system to a post-fault, steady state operating environment.
 
 
 17
 (Emphasis added.) Chiang thus refers to "predetermining" when to restore continuity using his on-line calculation. This accords with the recitation in claims 2 and 4 of "calculating said predetermined time as a function of on-line fault conditions." A preset time is not a "predetermined time" within the meaning of claims 2 and 4 as properly interpreted.
 
 
 18
 The Board clearly erred in holding that the "calculating" limitation of claims 2 and 4 reads on Bray's programmable interval. Bray uses programming to preset the interval duration. Bray's preset interval does not depend on actual fault conditions. Bray fails to disclose or even suggest tailoring interval duration to a specific event disturbance.
 
 
 19
 "[P]ending claims must be interpreted as broadly as their terms reasonably allow." In re Zletz, 893 F.2d 319, 321, 13 USPQ2d 1320, 1322 (Fed.Cir.1989). But Chiang's "calculating" claim limitation cannot reasonably be interpreted to read on a reference that does not show such a calculation. See Bond, 910 F.2d at 832. Unlike Chiang's calculated interval, Bray's preset interval is not "a function of on-line fault conditions." On this point, the Board committed clear error.
 
 CONCLUSION
 
 20
 The cited prior art does not disclose Chiang's "calculating" claim limitation. The Board committed clear error by finding that this prior art anticipates Chiang claims 2 and 4. This court therefore reverses.