47 F.3d 1183
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Petrus C.W. SOMMEN and Christinus J. Van Valburg.
 No. 94-1023.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1995.
 
 PTO
 REMANDED.
 Before ARCHER, Chief Judge, MAYER and LOURIE, Circuit Judges.
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 Petrus C.W. Sommen and Christinus J. Van Valburg appealed the July 15, 1993 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) rejecting the claims of their patent application, Serial No. 07/522,438 ('438 application). Subsequent to this court's in banc decision in In re Donaldson Co., 16 F.3d 1189, 29 USPQ2d 1845 (Fed.Cir.1994) (in banc), the Commissioner moved this court to vacate and remand this case to the board for consideration of the Donaldson opinion. Sommen et al. opposed.
 
 
 2
 Claims 1 to 4 of the '438 application were rejected by the board under 35 U.S.C. Sec. 103. Claim 1 of the '438 application, the only independent claim, contains two means-plus-function limitations as permitted under 35 U.S.C. Sec. 112, para. 6. In its section 103 rejection, the board followed its practice of according means-plus-function limitations the broadest reasonable interpretation without considering structure described in the specification and equivalents. This practice, however, ignored the statutory language of section 112, para. 6 ("such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof") and is at odds with In re Donaldson as well as the prior cases of In re Bond, 910 F.2d 831, 833, 15 USPQ2d 1566, 1568 (Fed.Cir.1990) and In re Iwahashi, 888 F.2d 1370, 1375, 12 USPQ2d 1908, 1912 (Fed.Cir.1989).
 
 
 3
 Following oral argument in this case, the court in banc has also decided In re Alappat, 33 F.3d 1526, 31 USPQ2d 1545 (Fed.Cir.1994) (in banc), as well as other cases, in which a mathematical algorithm was an element of the claimed invention. We now conclude that the Commissioner's remand request should be granted to permit the board to reconsider its decision in the light of Donaldson, Alappat and other subsequent opinions of this court.
 
 
 4
 It is, therefore, ordered that this case be remanded to the board so that it can reconsider its decision based on the above-described cases.