NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1215
(Serial No. 10/899,352)

IN RE GARY EDWARD WHEELER

Appeal from the United States Patent and Trademark Office, Board of
Patent Appeals and Interferences.

Brent A. Capehart, Bowers Law firm, of Harrison, Arkansas, for the appellant
Gary Edward Wheeler.

Raymond T. Chen, Acting Solicitor, United States Patent & Trademark Office, of
Arlington, Virginia, for the appellee Jon W. Dudas, Director, Patent and Trademark
Office.  On the brief were Joseph G. Piccolo and Nathan K. Kelley, Associate Solicitors.

Appealed from:  United States Patent and Trademark Office, Board of Patent Appeals
                and Interferences

# United States Court of Appeals for the Federal Circuit

2008-1215
(Serial No. 10/899,352)

IN RE GARY EDWARD WHEELER

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

_____

DECIDED: December 19, 2008

_____

Before NEWMAN, MAYER, and LOURIE Circuit Judges.

NEWMAN, Circuit Judge.

Gary E. Wheeler ("Wheeler") appeals the decision by the Board of Patent Appeals and Interferences, rejecting claims 1 through 5, all the claims of Wheeler's patent application, on the ground of anticipation, 35 U.S.C. §102.[1]  We reverse the rejection on the ground of anticipation and remand for appropriate further proceedings.

***The invention***

The Wheeler invention is an illuminated transparent fishing pole, wherein a light source in the handle projects light through and illuminates the length of the pole.  In an

---

[1]   In re Wheeler, No. 2007-0823 (Bd. Pat. App. Interf. March 28, 2007) adhered to on reh'g Nov. 20, 2007.

embodiment claimed in claim 5, a reflective material is placed near the free end of the lighted pole, in order to facilitate light transmission when the rod is bent by the pull of a fish. Claims 1 and 5 follow:

> 1. An illuminated fishing pole comprising:
>    an elongated hollow fishing rod having a free end and a fixed end, said elongated fishing pole being made from a transparent, flexible material;
>    an elongated hollow handle having a forward end secured to the fixed end of said rod, and a butt end; and
>    a light source contained within said elongated hollow handle projecting light toward and through said elongated hollow fishing rod.
>
> 5. The illuminated fishing pole of claim 1 wherein said elongated hollow fishing rod further comprises a reflective material being located along the interior side of its walls and proximate said free end of the fishing rod to facilitate the illumination of said rod when the rod is bent due to pull by a fish.

It was agreed that claims 2-4 stand or fall with claim 1.

The Board, in a split decision, held that claim 1 is anticipated by U.S. Patent No. 5,644,864 to Kelly, and that claim 5 is anticipated by U.S. Patent No. 5,347,741 to Konrad. Anticipation is a question of fact, and the Board's findings thereon are reviewed to determine whether they are supported by substantial evidence. See e.g., In re Berger, 279 F.3d 975, 980 (Fed. Cir. 2002). To the extent that the Board's decision requires interpretation of the scope and meaning of the claims or any terms thereof, "claim construction" is a matter of law, and is reviewed de novo on appeal. See Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1456 (Fed. Cir. 1998).

## *Claim 1*

Wheeler argues that claim 1 cannot be anticipated by the Kelly reference, for Kelly does not show a transparent flexible illuminated pole. The Kelly fishing pole has a light bulb attached at the tip of the pole, connected by wires to the handle. Although the

Board recognized that the Kelly pole is not transparent and is not illuminated except for the tip, the Board held that "the term 'elongated fishing pole [sic: rod] being made from a transparent, flexible material' does not require the entire rod to be made from a transparent, flexible material or to emit light along its entire length" (brackets in original). That is inaccurate, for Wheeler's specification and claim 1 state that the entire rod is transparent and flexible and illuminated. J.A. 61, 63.

Although claims during examination are given their broadest reasonable interpretation in order to facilitate precision in claiming, that interpretation must be "consistent with the specification, [and] claim language should be read in light of the specification as it would be interpreted by one of ordinary skill in the art." In re Bond, 910 F.2d 831, 833 (Fed. Cir. 1990); see also Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) ("[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question."). The Wheeler specification states that the entire fishing rod is transparent and is lighted along its length, and claim 1 so requires.

On this appeal the PTO argues that Wheeler's rod is not necessarily transparent along its entire length because obstructions such as line guides or reflective material can be placed in or on the rod, thereby interrupting the transparency. However, the ground of rejection is "anticipation," and it is clear that Kelly does not show the Wheeler pole, even if the transparency is interrupted, for the Kelly pole is illuminated only at the tip and handle. See Akzo N.V. v. United States Int'l Trade Comm'n, 808 F.2d 1471, 1479 (Fed. Cir. 1986) ("anticipation requires that each and every element of the claimed invention is described in a single reference."). The rejection of claims 1-4 for

anticipation by Kelly is not supported by substantial evidence, and is reversed.

*Claim 5*

Claim 5 is directed to the illuminated fishing pole of claim 1 with the addition of reflective material "proximate [the] free end". Wheeler explains that the purpose is to facilitate illumination when the end of the rod is bent by the pull of a fish, by reflecting the light within the rod. J.A. 63, Claim 5 (requiring the placement of reflective material in such a manner as to "facilitate illumination of [the] rod when [the] rod is bent due to the pull by a fish.").

Claim 5 was rejected for anticipation by the patent to Konrad, which shows a hollow translucent fishing rod that has reflective paint over its entire length "except adjacent to the tip." Konrad, col. 1, ll. 59-66. The Board construed claim 5 as not limiting the reflective paint to proximate the free end, and held that claim 5 is anticipated by Konrad. However, the Konrad rod is coated with reflective paint except for the free end and the handle, whereas Wheeler's claim 5 only requires that the reflective paint is "proximate [the] free end." Wheeler's reflective paint is placed in the area from which Konrad excludes the reflective paint. This is a significant difference. Substantial evidence does not support the Board's ruling that claim 5 is anticipated by Konrad.

Our appellate review is limited to the grounds relied on by the agency. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper

basis.").

The decision of the Board, rejecting Wheeler's claims on the ground of anticipation, is reversed. The case is remanded for further proceedings.