NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1219
(Serial No. 10/841,782)

IN RE WILLIAM YOUNGER GUESS
and GEORGE EARL MORGAN

William Younger Guess and George Earl Morgan, of Baton Rouge, Louisiana, pro se.

Raymond T. Chen, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for the Director of the United States Patent and Trademark Office. With him on the brief were Nathan K. Kelley and Benjamin D.M. Wood, Associate Solicitors.

Appealed from: United States Patent and Trademark Office
Board of Patent Appeals and Interferences

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1219
(Serial No. 10/841,782)

IN RE WILLIAM YOUNGER GUESS
and GEORGE EARL MORGAN

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

———————————————

DECIDED: June 9, 2009

———————————————

Before MICHEL, Chief Judge, NEWMAN, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

## DECISION

William Y. Guess and George E. Morgan (collectively, "appellants") appeal from the final decision by the Board of Patent Appeals and Interferences ("Board") rejecting all five claims of appellant's patent application as anticipated under 35 U.S.C. § 102. Ex parte Guess, No. 2008-5385 (B.P.A.I. Nov. 18, 2008). Because the Board's decision was supported by substantial evidence, we affirm.

## BACKGROUND

Appellants filed U.S. Patent Application No. 10/841,782 (the "'782 application") on May 7, 2004. Appellants' invention is a musical instrument that includes a keyboard attached to a guitar body. Claim 1, the only independent claim reads as follows:

1. In a musical instrument of the type which comprises

a keyboard secured to a guitar body and a neck, said neck further comprising a playing surface in which said playing surface is substantially rigid, the improvement comprising

a means for producing musical tones from said playing surface in which a musician is able to contact and smoothly slide a finger relative to said playing surface in order to produce and change said musical tones thereby.

The patent examiner assigned to the '782 application issued a final rejection of all pending claims. The examiner found that the claims were anticipated by published U.S. Patent Application 0,099,131 (the "Ludwig reference"). U.S. Patent App. No. 2004/0,099,131 A1 (filed Oct. 16, 2003) (published May 27, 2004). Appellants appealed that decision to the Board.

The Board affirmed the examiner's decision that Figure 5 of the Ludwig reference, which depicts a stringed guitar with a keyboard built into the guitar body, anticipates the '782 application. The Board stated that "the means-plus-function limitation of claim 1 [of the '782 application] when construed to cover corresponding structure in the Specification or its equivalents reads on the stringed guitar with attached keyboard in Figure 5 of Ludwig." Ex parte Guess, No. 2008-5385, slip op. at 8.

Appellants have timely appealed the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

Anticipation is a question of fact, and the Board's findings thereon are reviewed to determine whether they are supported by substantial evidence. See e.g., In re Berger, 279 F.3d 975, 980 (Fed. Cir. 2002). During examination, "claims . . . are to be given their broadest reasonable interpretation consistent with the specification, and . . . claim

2009-1219

-2-

claim language should be read in light of the specification as it would be interpreted by one of ordinary skill in the art." In re Bond, 910 F.2d 831, 833 (Fed. Cir. 1990). Before the Board, Appellants failed to argue that any limitations unique to dependent claims 2 through 5 survive a finding of anticipation. Appellants have therefore waived any such arguments on appeal. In re Watts, 354 F.3d 1362, 1367 (Fed. Cir. 2004). We therefore will analyze only claim 1, upon which all other claims must stand or fail.

Claim 1 of the '782 application is written as a Jepson claim. The Jepson form of claiming permits a patentee to recite prior art in the preamble of the claim. "Although a preamble is impliedly admitted to be prior art when a Jepson claim is used, unless the preamble is the inventor's own work, the claimed invention consists of the preamble in combination with the improvement." Pentec, Inc. v. Graphic Controls Corp., 776 F.2d 309, 315 (Fed. Cir. 1985) (citations omitted). In this case, appellants do not claim that the preamble, the language that precedes "the improvement comprising" in claim 1, is their own work. Thus, claim 1 consists of a prior art preamble, a "keyboard secured to a guitar body and a neck . . . comprising a playing surface . . . [that] is substantially rigid" combined with an allegedly inventive improvement. That improvement comprises:

> a means for producing musical tones from said playing surface in which a musician is able to contact and smoothly slide a finger relative to said playing surface in order to produce and change said musical tones thereby.

The improvement limitation of claim 1 is thus in means-plus-function format, as permitted by 35 U.S.C. § 112, ¶ 6. The claim uses the presumptive "means for" language and does not contain structure detailing how to achieve the function of "producing musical tones." See TriMed, Inc. v. Stryker Corp., 514 F.3d 1256, 1259-60 (stating that "means" creates presumption of § 112 ¶ 6). We must therefore construe the

2009-1219

-3-

the means-plus-function limitation of claim 1 in light of the "corresponding structure, material or acts described in the specification and equivalents thereof." 35 U.S.C. § 112, ¶ 6. "In construing a means-plus-function limitation, a court must identify both the claimed function and the corresponding structure in the written description for performing that function." Northrop Grumman Corp. v. Intel Corp., 325 F.3d 1346, 1350 (Fed. Cir. 2003) (citing Micro Chem., Inc. v. Great Plains Chem. Co., 194 F.3d 1250, 1258 (Fed. Cir. 1999)).

In this case, the claimed function is that of "producing musical tones." In order to determine the corresponding structure, we turn to the specification. The specification of the '782 application describes producing musical notes in the traditional manner of bass guitars. "The bass guitar strings travel along the neck 26 and are capable of producing discrete musical notes by pressing each string to a plurality of frets 36a-36x as is common with most bass guitars." '786 application at 11. Although that section of the specification refers to "notes" and not the claimed "tones," the specification uses those two terms interchangeably. See e.g., id. ("There are techniques whereby a musician may cause the string to vibrate sufficient to produce musical tones by the 'neck' hand only."). We thus agree with the Board that the specification describes a structure for producing musical tones as "a guitar with strings secured adjacent a neck playing surface." Ex parte Guess, No. 2008-5385, slip op. at 7.

Appellants appear to argue that the Board erred in not including as corresponding structure the resistors and power supply incorporated into the neck of their instrument. The resistors and power supply found in the '782 application's specification produce electronic signals that are indeed converted into MIDI notes. Because appellants are

Because appellants are correct that the resistors and power supply serve as an alternative means of producing musical tones, that means-plus-function clause becomes a quasi-generic claim whose species include at least the guitar with strings secured adjacent a neck playing surface and the resistors and power supply. A means-plus-function limitation encompasses all of the structures in the specification that perform the recited function. See Ishida Co. v. Taylor, 221 F.3d 1310, 1316 (Fed. Cir. 2000). Thus, for anticipation purposes, a prior art reference that discloses any of the structures encompassed by the means-plus-function clause anticipates that claim. A disclosure of a species anticipates a claim to a genus. In this case, therefore, any prior art reference with structure that performs the claimed function of producing musical tones by means of a "guitar with strings attached adjacent a neck playing surface" anticipates the '782 reference.

We now turn to the Ludwig reference to determine whether it describes "a guitar with strings secured adjacent a neck playing surface" for "producing musical tones." Figure 5 of the Ludwig reference demonstrates that it does. That figure, reproduced below, consists of a guitar (500) with guitar strings (501) for producing musical tones and it has "a keyboard secured to a guitar body" (521). Thus, it anticipates the claims of the '782 application.



Figure 5

Appellants' primary argument for reversal of the Board's decision is that the '786 application discloses various structures, including resistors, power supply, and a MIDI processor whereas the Ludwig reference does not. However, that argument fails to comprehend that, for purposes of anticipation, what is important is what is claimed by the patentee, not what is disclosed in the specification. If appellants had desired to distinguish their invention from prior art, such as the Ludwig reference, they could have claimed only those elements that they felt were novel over the prior art. However, the '786 application, which relies only on a single means-plus-function limitation to distinguish itself from prior art, is broad enough by virtue of its multiple disclosed structures to be anticipated by the Ludwig reference. We therefore affirm the judgment of the Board.

2009-1219

COSTS

No costs.