Mark A. **FREEMAN** and Timothy K. **Stringer, Plaintiffs,**

v.

**GERBER PRODUCTS COMPANY, Defendant.**

No. 02–2249–JWL.

United States District Court, D. Kansas.

June 27, 2003.

Adam P. Seitz, Bart Alan Starr, Basil Trent Webb, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Mark A. Freeman, Timothy K. Stringer, Plaintiffs.

Laurence R. Tucker, Armstrong Teasdale LLP, Kansas City, MO, Matthew G. Reeves, Michael O. Sutton, Locke, Liddell & Sapp LLP, Houston, TX, for Gerber Products Company, Defendant.

James P. Barabas, Latham & Watkins LLP, New York City, Matthew B. Lehr, Latham & Watkins LLP, Menlo Park, CA, Paul S. Penticuff, Baker, Sterchi, Crowden & Rice, L.L.C., Kansas City, MO, Robert J. Gunther, Latham Watkins LLP, New York City, Thomas N. Sterchi, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, for Playtex Products, Inc., Interested Party.

Laurence R. Tucker, Armstrong Teasdale LLP, Kansas City, MO, for Gerber Products Company, Counter Claimant.

Bart Alan Starr, Basil Trent Webb, Shook, Hardy & Bacon L.L.P., Kansas

City, MO, for Timothy K. Stringer, Mark A. Freeman, Counter Defendants.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

Plaintiffs Mark A. Freeman and Timothy K. Stringer allege that several products sold by defendant Gerber Products Company ("Gerber") infringe certain claims of their patent, United States Patent No. 5,186,347 ("the '347 patent"). The matter is currently before the court on Gerber's motion for summary judgment (Doc. 30). Gerber challenges the validity of the '347 patent claiming that it was anticipated by prior art. Specifically, Gerber contends that under plaintiffs' claim construction, as set forth in their answers to interrogatories, there are two prior patents that disclose each limitation in the claims allegedly infringed, claims 7 and 14 of the '347 patent. Gerber, therefore, moves for summary judgment based on plaintiffs' claim construction. Plaintiffs dispute that the two prior patents disclose each limitation of claims 7 and 14, as those claims are construed in plaintiffs' preliminary claims chart. Because the court concludes that genuine issues of material fact exist as to whether the prior patents disclose each limitation of claims 7 and 14 of the '347 patent, the court denies Gerber's motion for summary judgment.

## I. Uncontested Facts

The following facts are undisputed. On February 16, 1993, the '347 patent was issued by the United States Patent and Trademark Office ("PTO") in favor of plaintiffs Freeman and Stringer. The '347 patent claims a spill-proof closure used in dispensing liquid beverages. Plaintiffs' complaint alleges that several of Gerber's products—including Fun Grips Lil' Sport Spill–Proof Sport Bottles, Fun Grips Spill–Proof Cups, Fun Grips Two–Handle Spill–Proof Cups, Baby Looney Tunes Spill–Proof Sport Bottles, Little Suzy's Zoo Spill–Proof Cups, Little Suzy's Zoo Two–Handle Spill–Proof Cups, Fun Grips Color Change Spill–Proof Cups, and Fun Grips Lil' Sport Replacement Lids—infringe claims 7 and 14 of the '347 patent. Claim 7 reads as follows:

A controllable valved closure for use in dispensing a beverage from a container, said closure comprising:

(a) a substantially planar cover portion conforming in shape to the opened end of said container;

(b) attachable means for selectively maintaining said closure in covering relation with said container;

(c) an elongated passageway having an outer end, said passageway extending upwardly and outwardly from said cover portion;

(d) an opening located near said outer end of said passageway, said opening providing communication between the interior and exterior of said passageway, and said opening being completely contained within the user's mouth during operation of the closure;

(e) a thin membrane having attachable means for attaching said thin membrane to an inner surface of said closure, said thin membrane covering said opening in said passageway; and

(f) a slit through a planar section of said thin membrane, said slit functioning to provide an opening through said thin membrane when an external negative pressure exists and remain closed when internal and external pressures are equal.

Claim 14 reads as follows:

A controllable valved closure for use in dispensing a beverage from a container, said closure comprising:

(a) a substantially planar cover portion conforming in shape to the opened end of said container;

(b) attachable means for selectively maintaining said closure in covering relation with said container;

(c) an elongated passageway having an outer end, said passageway extending upwardly and outwardly from said cover portion;

(d) an opening located near said outer end of said passageway, said opening providing communication between the interior and exterior of said passageway, and said opening being completely contained within the user's mouth during operation of the closure;

(e) a thin membrane having attachable means for attaching said thin membrane to an inner surface of said closure, said thin membrane covering said opening in said passageway; and

(f) a disjointed portion within said thin membrane, said disjoined portion functioning to provide a flow passage through said thin membrane when said thin membrane is stressed and said disjoined portion forming a seal when said thin membrane is unstressed.

In answers to Gerber's interrogatories No. 1 and 2, plaintiffs incorporated by reference a preliminary chart containing their construction of claims 7 and 14. In particular, the preliminary chart construed the clause "controllable valved closure for use in dispensing a beverage from a container" in the preamble [1] of claims 7 and 14 to mean:

A closure/lid for a beverage container. The closure/lid permits a user to sip or drink a beverage for the beverage container by applying mouth suction to a portion (e.g., the spout) of the closure/lid. The closure/lid includes a valve controlled by the user's application of mouth suction.

The chart construed the clause "said opening being completely contained within the user's mouth during operation for the closure" in paragraph (d) of claim 7 to mean "the opening(s) are completely contained within the user's mouth when the user applies mouth suction to the portion (e.g., the spout) of the closure/lid to operate the valve."

Based on plaintiffs' claim construction in the preliminary chart, Gerber filed this motion for summary judgment contending that claims 7 and 14 of the '347 patent are both anticipated by two prior patents: United States Patent 3,674,183 ("Venable") and United States Patent No. 4,133,457 ("Klassen"). Venable was issued on July 4, 1972, and Klassen was issued on January 9, 1979. Gerber points out that the PTO did not consider either of these patents during the prosecution of the '347 patent.[2]

## II. Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir.2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."

---

1. Because Gerber does not argue that the preamble is not relevant to the scope of the claim, the court assumes for purposes of this motion that the preamble is a claim limitation relevant to claim construction here.

2. Plaintiffs retort that Gerber provides no evidence that Klassen and Venable are not cumulative to patents considered by the PTO during the prosecution of the '347 patent.

*Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir.2001) (citing *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. American Guarantee & Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir.2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir.2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1197–98 (10th Cir.2000) (quoting *Adler*, 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibits incorporated therein." *Adams*, 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

## III. Anticipation

Gerber asserts that claims 7 and 14 of the '347 patent are invalid under 35 U.S.C. § 102(b) because they were anticipated by Venable and Klassen.

"A patent shall be presumed valid." 35 U.S.C. § 282. To overcome this presumption of validity, the party challenging a patent must prove facts supporting a determination of invalidity by clear and convincing evidence. *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1036 (Fed.Cir. 2001), *cert. denied*, 534 U.S. 1172, 122 S.Ct. 1196, 152 L.Ed.2d 136 (2002) (citing *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed.Cir.1984)).

Anticipation is a two-step process. The first step involves construing the claims of the patent at issue, an issue of law for the court. *Oakley, Inc. v. Sunglass Hut Int'l.*, 316 F.3d 1331, 1339 (Fed. Cir.2003) (citing *Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353 (Fed.Cir.1999)). The second step of the process involves a comparison of the asserted claims with the prior art, a fact-finding endeavor for the jury. *Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 714 (Fed.Cir.1998). On this motion for summary judgment, however, the court

must determine whether a genuine dispute of material fact exists as to the comparison process. The court concludes that it does and denies the motion for summary judgment.

## A. Step One: Claim Construction

Typically, the court construes the claims of the patent as a matter of law in a "*Markman*" proceeding. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed.Cir.1995), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). This has not yet occurred here. Gerber, however, correctly points out that "only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Vivid Technologies, Inc. v. American Science & Eng'r, Inc.*, 200 F.3d 795, 803 (Fed.Cir. 1999) (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed.Cir. 1997) (claim construction is for "resolution of disputed meanings")). Thus, for purposes of this motion, Gerber accepts plaintiffs' claim construction and argues that even under plaintiffs' construction, the '347 patent is anticipated by prior art. For purposes of this motion, then, the court accepts and adopts plaintiffs' construction of claims 7 and 14 as set forth in their preliminary claim chart.

## B. Step Two: Comparison of Patent to Prior Art

■ A determination that a claim is invalid as being anticipated under 35 U.S.C. § 102 requires that the party arguing for invalidity prove by clear and convincing evidence that "each and every limitation is found either expressly or inherently in a single prior art reference." *Oakley, Inc.*, 316 F.3d at 1339 (quoting *Celeritas Techs. Inc. v. Rockwell Int'l Corp.*, 150 F.3d 1354, 1360 (Fed.Cir.1998)). This means that if a prior art reference lacks any claimed element, then as a matter of law the court cannot find anticipation. *Kloster Speed-*

*steel AB v. Crucible, Inc.*, 793 F.2d 1565, 1571 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987). As the Federal Circuit has previously stated, " 'the dispositive question regarding anticipation [i]s whether one skilled in the art would reasonably understand or infer from the [prior art reference's] teaching' that every claim element was disclosed in that single reference." *Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1368–69 (Fed.Cir.2003) (quoting *In re Baxter Travenol Labs.*, 952 F.2d 388, 390 (Fed.Cir.1991)); *see also Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed.Cir.2002) ("Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference.").

■ In this case, Gerber argues that there is no genuine issue of material fact concerning whether Klassen and Venable disclose each limitation in claims 7 and 14 of the '347 patent. The court cannot agree. Plaintiffs have pointed to evidence suggesting that there are several differences between the design of Klassen and Venable and the design of the '347 patent and, therefore, the former two do not describe every limitation of the latter. In particular, plaintiffs point out that Klassen and Venable teach squeeze bottles that dispense fluid by the user's application of hand pressure to the walls of the flexible container, not by the user's application of suction to a portion of the lid. Thus, according to plaintiffs, the squeeze bottles are not operated by mouth suction and the opening to the squeeze bottle is not completely contained within the user's mouth during operation of the closure. As such, plaintiffs argue that Klassen and Venable

do not disclose several claim limitations set forth in plaintiffs' preliminary claim chart.

Gerber replies that plaintiffs' claims are not limited to suction-operated sippy cups; instead, they are directed to "a controllable valved closure for use in dispensing a beverage from a container." This argument is in essence a challenge to plaintiffs' claim construction. Such an argument is premature. Gerber may challenge plaintiffs' claim construction and submit its own construction of claims 7 and 14, and the court will then construe the claims under *Markman.* At that time, Gerber may then submit a summary judgment motion relying on the court's construction of the claims. However, because Gerber chose to file this motion for summary judgment at an early stage in the litigation before the court has construed the claims, Gerber must accept plaintiffs' construction of the claim limitations.[3] As noted above, plaintiffs' construction of claims 7 and 14 requires that the prior art teach a "closure/lid for a beverage container" which "permits a user to sip or drink a beverage from the beverage container by applying mouth suction to a portion (e.g., the spout) of the closure/lid." It further requires that the closure/lid "includes a valve controlled by the user's application of mouth suction." Plaintiffs' construction of claim 7

also requires that the opening located near the outer end of the passageway is "completely contained within the user's mouth when the user applies mouth suction to a portion (e.g., the spout) of the closure/lid to operate the valve." Because there are genuine issues of disputed fact as to whether Klassen and Venable disclose such claim limitations, the court denies Gerber's motion for summary judgment. *Schumer,* 308 F.3d at 1315–16 (Fed.Cir. 2002) (reversing summary judgment on grounds of anticipation where fact issue existed as to whether prior art disclosed every claim of the patent).[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Gerber's motion for summary judgment (Doc. 30) is denied.

---

3. Gerber filed a supplemental reply brief presenting new and additional evidence that plaintiffs have not limited their claim to a "sippy cup." In response, plaintiffs filed a motion to file a surreply and filed the surreply responding to the supplemental reply brief. Because the court believes that the evidence contained in the supplemental reply brief is premature and not relevant to the analysis here, the court is denying plaintiffs' motion to file the surreply.

4. The court notes that plaintiffs provided expert declarations setting forth additional claim limitations that Klassen and Venable allegedly do not disclose. However, the court need not address those issues. By contrast, Gerber did not provide any expert declara-

tions in support of its motion for summary judgment. Instead, it simply explained why it believes each claim limitation is disclosed by Klassen and Venable. Although the court need not address the issue, it questions whether Gerber could meet the standard for summary judgment without providing expert testimony. As the Federal Circuit pointed out in *Schumer,* 308 F.3d at 1315–16 (Fed.Cir. 2002), typically evidence regarding anticipation must be from one skilled in the art and must explain in detail how each claim element is disclosed in the prior art reference. *Id.* Although the court could envision circumstances where such expert testimony is unnecessary, it does not believe that the facts here present such a situation.