NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-1063
(Serial No. 07/711,957)

IN RE MARTIN G. REIFFIN

_____

DECIDED:  October 6, 2006

_____

Before MAYER, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Martin G. Reiffin appeals the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences, affirming the examiner's rejections of claims 22-24, 26, 33, 34, 38-55, and 57-77.  <u>Ex parte Reiffin</u>, No. 04-1615 (Aug. 11, 2005).  We <u>affirm</u>.

Reiffin filed U.S. Patent Application No. 07/711,957 in 1991, and only claims 22-24, 26, 33, 34, 38-55, and 57-77 remain.  The claimed invention recites a computer system with a program having a plurality of concurrently executable threads.  Only claims 50-55 do not have the concurrent execution limitation, instead providing for

sequential processing of threads. Reiffin argues that the board's entire decision is in error, raising forty-seven numbered issues and several additional sub-issues, while providing only cursory analysis of the alleged error in each issue. Although we disapprove of such a "shotgun approach," in light of Reiffin's pro se status, we, nevertheless, address his contentions to the extent necessary. See, e.g., Forshey v. Principi, 284 F.3d 1335, 1357-58 (Fed. Cir. 2002) (en banc) (recognizing that a pro se litigant's submissions to the court are to be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted).

We review the board's conclusions of law de novo and affirm its findings of fact if they are supported by substantial evidence. In re Dial-A-Mattress Operating Corp., 240 F.3d 1341, 1344 (Fed. Cir. 2001). Because they are relevant to many of the issues on appeal, we preliminarily address the board's construction of "thread," "multithreading," "concurrent execution," and "sequential versus concurrent programs." Claim construction is a matter of law. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454-55 (Fed. Cir. 1998) (en banc).

The board provided an extended definition of "thread," and concluded that, contrary to Reiffin's contention, it was "more than just a series of instructions in a program." Ex parte Reiffin, No. 04-1615, slip op. at 62 (March 7, 2005) ("Initial Decision"). Because (1) Reiffin averred to the board that its terms are used consistently with their ordinary meaning in the art, (2) "thread" is not defined in the application's specification, (3) the board established the term's meaning based on its review of the specification and understandings in the art as demonstrated by an exhaustive review of pertinent literature, and (4) Reiffin does not point to any specific error in the board's

06-1063                                2

rejection of his proposed construction, we find the board's construction to be correct. We similarly affirm its construction of "multithreading," id. at 66, "concurrent execution," id. at 73, and "sequential versus concurrent programs," id. at 73-76.

With respect to the merits, we first address the board's rejection of claims 22-24, 33, 34, 39, 40, 43-46, 52-54, 57-60, and 62-71 under 35 U.S.C. § 112 enablement grounds. Enablement is a question of law. United States v. Telectronics, Inc., 857 F.2d 778, 785 (Fed. Cir. 1988). The test "is whether one reasonably skilled in the art could make or use the invention from the disclosures in the patent coupled with information known in the art without undue experimentation." Id. (citations omitted). These claims all recite some form of concurrent lexical analysis, i.e., spell checking or grammar checking as one types. The application, however, provides no description respecting the implementation of the lexical analyzer limitation. Initial Decision at 105. Reiffin admits that, despite Microsoft having developed multithreading in 1988 and expending enormous programming skills and resources, it was not able to successfully implement concurrent spell checking until 1995, or concurrent grammar checking until 1997. Id. at 107. We find that the board properly concluded that this demonstrated a general lack of skill in the art in 1991 for implementing concurrent lexical analysis in a computer program. Therefore, because Reiffin's application is without any description as to how to implement his lexical analyzer, the above claims necessarily require "undue experimentation" in order for one of ordinary skill in the art to make or use them.

Next, the board rejected claims 22-24, 26, 33, 34, 38-49, 57-70, and 71-77 on section 112 written description grounds. Because only claims 26, 38, 41, 42, 47-49, 61, and 72-77 were not considered in the enablement analysis above, we need only

consider these claims in our written description analysis. Compliance with the written description requirement is a question of fact. Vas-Cath, Inc. v. Mahurkar, 935 F.2d 1555, 1563 (Fed. Cir. 1991). In order to satisfy it, the disclosure as originally filed must "convey with reasonable clarity to those skilled in the art that . . . [Reiffin] was in possession of the invention." Id. at 1563-64 (emphasis in original). Because the "set of editor instructions" and "set of compiler instructions" disclosed in the three programs described by Reiffin's application are not "threads," the board properly found that those disclosures are not multithread programs. Initial Decision at 86. Moreover, because the programs are executed sequentially, e.g., certain operations are conducted under "if/else" commands, they cannot be considered "concurrent programs" or indicative of "concurrent execution of multiple threads." Id. at 86-87. Therefore, despite the occasional use of the term "multithreading" in Reiffin's disclosure, it fails to demonstrate possession of a program that concurrently executes multiple threads. Programs in Reiffin's earlier disclosures, incorporated by reference, may contain multiple threads, but they are not executed concurrently, and therefore cannot satisfy the written description requirement for a program that engages in "multithreading." Id. at 87-88. Because all of the claims at issue have a multithreading limitation, they were properly rejected for lack of an adequate written description.

This leaves only claims 50, 51, and 55. The board affirmed the examiner's rejection of all three claims as anticipated by the 1980 De Jong reference. Anticipation is a question of fact, In re Baxter Travenol Labs., 952 F.2d 388, 390 (Fed. Cir. 1991), as is what prior art discloses, Para-Ordanance v. SGS Importers, 73 F.3d 1085, 1088 (Fed. Cir. 1995). Reiffin does not challenge the board's determination that the 1980 De Jong

reference embodies the same disclosure as the 1982 De Jong reference. With respect to Reiffin's application, claim 50 requires: (1) a body of data; (2) a first set of instructions executed before/after idle time intervals; (3) a second set of instructions executed during idle time intervals; and (4) that the instruction sets execute effectively simultaneously to process the body of data. It does not recite threads, i.e., the requisite "process" is broader than a "thread," nor does it require the two sets of instructions to be in the same program. The board found, and substantial evidence supports, that De Jong reads on claim 50 as follows: The first limitation is satisfied by the data input to the computer by the keyboard and by the data in the ring buffer. The second limitation reads on the interrupt service routine because the requisite "process" covers entering and deleting characters from the buffer, and "brief spaced execution time intervals" read on the times determined by De Jong's clock cycles. The third limitation is satisfied by the Morse code program and its method of execution in De Jong. Finally, the fourth limitation merely describes what occurs in De Jong. Initial Decision at 129-30. Claims 51 and 55 similarly read on De Jong. Id. at 132-35. Because the above analysis affirms the board's rejection as to all claims, we need not reach its additional bases for rejection or Reiffin's other arguments.